IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JAMES MCGINTY,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO.: 5:22-cr-2 |

**ORDER AND REPORT AND RECOMMENDATION**

Movant James McGinty ("McGinty") filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. Doc. 23. Respondent filed a Motion to Dismiss, and McGinty filed a Response. Docs. 25, 29. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** McGinty's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** McGinty a Certificate of Appealability and *in forma pauperis* status on appeal. I **DENY** McGinty's request for an evidentiary hearing. Doc. 23 at 28.

**BACKGROUND**

McGinty was charged by information with two counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). Doc. 1. McGinty faced no more than four years' imprisonment on each count. Doc. 2. The Government notified the Court it and McGinty had entered into a plea agreement, whereby McGinty agreed to plead guilty to both counts of the information and to waive indictment. Docs. 6, 10, 11. McGinty agreed the elements necessary to prove the offenses charged were: first, he used a "communication facility,"

as charged; second, he used the communication facility while in the process of committing or facilitating the commission of a drug distribution offense; and third, he acted knowingly and intelligently. Doc. 11 at 1–2. McGinty also agreed he was guilty of the offenses charged and he agreed to the accuracy of the factual basis for the charged offenses' elements. Id. at 2–3. Judge Wood conducted a Rule 11, or change of plea, hearing. Doc. 10.

A probation officer prepared a Pre-Sentence Investigation Report ("PSR") after the plea hearing. Doc. 15. The probation officer determined McGinty is a career offender under the United States Sentencing Guidelines based on his previous convictions for sale of cocaine (two convictions) and robbery by intimidation (one conviction). Id. at 13. McGinty's advisory Guidelines range was 130 to 162 months in prison, but the statutory maximum sentence for each count capped the range at 96 total months' imprisonment. Id. at 23. Judge Wood sentenced McGinty to 96 months in prison, which consisted of two 48-month sentences, to be served consecutively. Doc. 19 at 1. McGinty did not file a direct appeal.

McGinty filed the instant § 2255 Motion. Doc. 23. The Government filed a Motion to Dismiss. Doc. 25. McGinty filed a Response. Doc. 29. This matter is fully briefed and ready for review.

## DISCUSSION

**I.   McGinty's Ineffective Assistance of Counsel Claim Lacks Merit**

McGinty raises only one ground in his Motion. McGinty claims his appointed attorney, Pete Theodocion, rendered ineffective assistance of counsel at sentencing. Doc. 23 at 4. Specifically, McGinty contends Mr. Theodocion failed to object to the Court's application of the career offender enhancement based on the relevant conduct of conspiracy to distribute a controlled substance. Id. at 16, 20. McGinty maintains, but for application the career offender

2

enhancement, he would have faced a Guidelines range of 46 to 57 months in prison.  Id. at 20.  McGinty asserts the Eleventh Circuit Court of Appeals was sitting en banc at the time of his sentencing to determine whether conspiracy could support a career offender enhancement in United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023).  Id. at 27.  McGinty contends Mr. Theodocion should have "vigorously objected" to this enhancement during sentencing.  Id.

The Government states the Dupree decision is not applicable to McGinty's case for two reasons.  Doc. 25 at 4.  First, McGinty's designation as a career offender was not based on any inchoate crime, as he pleaded guilty to two substantive § 843(b) violations, and his prior convictions were not for inchoate offenses.  Id. & at 5.  Second, Eleventh Circuit precedent, at the time of McGinty's sentencing, foreclosed any argument that inchoate crimes (like conspiracy) did not qualify an offender for career offender status under the Guidelines.  Id. at 5.  Thus, the Government asserts Mr. Theodocion could not have rendered ineffective assistance of counsel during sentencing proceedings by failing to object to the sentence enhancement or to anticipate a change in law.  Id. at 6.

A movant bears the burden of showing entitlement to relief under § 2255.  Beeman v. United States, 871 F.3d 1215, 1222 (11th Cir. 2017).  A movant is not entitled to relief if his claims "are merely conclusory allegations unsupported by specifics, contentions that are wholly incredible on the face of the record, or so patently frivolous as to warrant summary dismissal."  Adams v. United States, No. 19-11068-C, 2019 WL 4643730, at *1 (11th Cir. Aug. 20, 2019) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citations omitted)).  Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings.  Strickland v. Washington, 466 U.S. 668 (1984).  This right extends to sentencing proceedings, Glover v. United States, 531 U.S. 198, 202 (2001).

To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 685–86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690). "If a petitioner cannot satisfy one prong, [a court] need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014). "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that

4

counsel's performance was unreasonable, and that []he was prejudiced by that performance." Demar v. United States, 228 F. App'x 940, 950 (11th Cir. 2007).

"[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. "The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." James v. Sec'y, Dep't of Corr., No. 8:12-CV-1363, 2013 WL 5596800, at *3 (M.D. Fla. Oct. 11, 2013) (citing Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)); Body v. United States, Crim. Action No. 10-0232, 2013 WL 2470660, at *20 (S.D. Ala. June 6, 2013) (citing Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001)).

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. Strickland, 466 U.S. at 691–92. In order to establish actual prejudice, a petitioner must show "there is a reasonable probability that but for the attorney's unprofessional errors, the result of the proceeding would have been different." Armstead v. Scott, 37 F.3d 202, 207 (5th Cir. 1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

In Dupree, the defendant was convicted, in part, for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. 57 F.4th at 1271. The defendant argued on appeal that his § 846 conviction could not serve as a predicate offense for the career offender enhancement because the "Guidelines' definition of 'controlled substance

5

offense' omitted conspiracy and other inchoate crimes."[1] Id. The Eleventh Circuit concluded the "definition of controlled substance offense" in U.S.S.G. § 4B1.2(b), the career offender provision of the Sentencing Guidelines, "unambiguously excludes inchoate offenses[,]" such as conspiracy. 57 F.4th at 1279–80. The Eleventh Circuit noted the defendant's conspiracy conviction was not a controlled substance offense and he did not qualify for the career offender enhancement and directed defendant be resentenced without the enhancement. Id. at 1280.

A defendant is considered a career offender for purposes of sentencing if, among other things, the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense" and his "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." Id. at 1272 (quoting U.S.S.G. § 4B1.1(a)). A controlled substance offense under § 4B1.2 "'include[s] the offenses of aiding and abetting, conspiring, and attempt to commit" an offense, punishable by a term of more than one year "that prohibits the . . . distribution . . . of a controlled substance . . . with intent to . . . distribute . . . ." Id. at 1273 (quoting U.S.S.G. § 4B1.2(b) and cmt. n.1).

Here, McGinty pleaded guilty to two counts of knowingly and intelligently using a communication facility to facilitate the distribution of a controlled substance. McGinty's § 843(b) convictions for use of a communication facility are not convictions for inchoate offenses, but are for substantive offenses punishable by more than a year in prison. Inchoate offenses include attempt, conspiracy, and solicitation. These convictions and McGinty's prior convictions for the sale of cocaine and robbery by intimidation were properly used as predicate offenses for the career offender enhancement. McGinty was not convicted in this Court of any

---

[1] "Inchoate crimes involve '[a] step toward the commission of another crime, the step in itself being serious enough to merit punishment. The three inchoate offenses are attempt, conspiracy, and solicitation.'" United States v. Dupree, 57 F.4th 1269, 1272 (11th Cir. 2023) (quoting Inchoate Offense, Black's Law Dictionary (11th ed. 2019)).

inchoate offense—conspiracy, attempt, or solicitation.  Accordingly, Mr. Theodocion did not render ineffective assistance of counsel by failing to object to the career offender enhancement.  Even if Mr. Theodocion should have objected to this enhancement and performed deficiently for not doing so—a finding not made—McGinty fails to show he was prejudiced by this failure.  The Court would have applied the enhancement over that objection because, as noted, Dupree does not provide McGinty with his desired relief; Mr. Theodocion also was not ineffective for failing to anticipate the change in law.  The Court should **GRANT** Respondent's Motion to Dismiss and **DENY** McGinty's § 2255 Motion.

## II.     Evidentiary Hearing

As a form of relief, McGinty asks for an evidentiary hearing.  Doc. 23 at 28; Doc. 29 at 6.  Section 2255 does not require the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "If the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.  However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are 'affirmatively contradicted by the record, or the claims are patently frivolous.'"  United States v. Yadigarov, 840 F. App'x 487, 490 (11th Cir. 2021) (citation omitted); see also Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record.").  Moreover, a movant is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible."  Tejada v.

Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238–39 (11th Cir. 2004). Because McGinty's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary. I **DENY** his request.

### III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny McGinty leave to appeal *in forma pauperis*. Though McGinty has not yet filed a notice of appeal, it would be appropriate to address this issue in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the

Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies McGinty a Certificate of Appealability, McGinty is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

9

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY** McGinty's § 28 U.S.C. § 2255 Motion.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** McGinty *in forma pauperis* status on appeal and a Certificate of Appealability.  I **DENY** McGinty's request for an evidentiary hearing.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

11